NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND RANDOLPH, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CONSOLIDATED RAIL : <br> CORPORATION, : <br> : <br> Defendant. : <br> : | Civil Action No. 10-560 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

    This matter comes before the Court upon Defendant Consolidated Rail Corporation's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed below, this Court will grant Defendant's motion.

**I.   BACKGROUND**

    On February 1, 2010, Plaintiff Raymond Randolph filed a Complaint which alleged that, while working for the defendant railroad, he suffered emotional injury when he was in close proximity to a collision of two boxcars. The Complaint asserts one cause of action, pursuant to the Federal Employers Liability Act, claiming that Defendant's negligence proximately caused Plaintiff's emotional injuries, and seeking damages for the negligent infliction of emotional distress. Defendant has now moved for summary judgment on this claim.

**II.   DISCUSSION**

    **A.   Summary Judgment Standard**

    Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party

demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that

creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**B.   Analysis**

1.   Cause of Action Under the Federal Employers Liability Act

Randolph's claim for relief arises under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, et seq., which imposes liability on railroads for injuries to their employees.  The relevant provision of the statute provides that railroads will be held liable to their employees for injuries

> resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engine, machinery, track, roadbed, works, boats, wharves or other equipment.

45 U.S.C. § 51.  The statute departs from common law negligence principles, making recovery

easier to obtain than under a traditional negligence standard.  Sinkler v. Mo. Pac. R.R. Co., 356 U.S. 326, 329 (1958).  The Supreme Court has noted the deliberately broad and remedial purpose of the statute, stating that the "cost of human injury, an inescapable expense of railroading, must be borne by someone, and the FELA seeks to adjust that expense equitably between the worker and the carrier."  Id.  Notably, under the FELA, a railroad will be held liable if its "negligence played any part, even the slightest, in producing the injury or death for which damages are sought."  Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 506 (1957); Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir.1991).  Thus, while the statute does not completely dispense with the requirement that a plaintiff establish a causal connection between the railroad's negligence and the injury, it sets a very low proximate cause standard.  Rogers, 352 U.S. at 506; Atchison T. & S.F. Ry. Co. v. Saxon, 284 U.S. 458, 459 (1932).  Under the FELA, an employee's contributory negligence will not bar him or her from obtaining relief and may only be considered to diminish the employee's recovery of damages in proportion to his or her fault.  45 U.S.C. § 53; Norfolk S. Ry. Co. v. Sorrell, 549 U.S. 158, 167 (2007).  The defense of assumption of risk is completely eliminated.  45 U.S.C. § 54; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 58 (1943).

The parties agree that the key issue in deciding this motion is whether Plaintiff has evidence that meets the requirements for recovery under the zone of danger test.  The parties do not dispute any material facts but, instead, dispute only the precise formulation of the zone of danger test.  As a purely legal dispute, this matter is well-suited to resolution on summary judgment.

The Supreme Court has formulated the zone of danger test as follows:

[T]he zone of danger test limits recovery for emotional injury to those plaintiffs

>who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct. That is, "those within the zone of danger of physical impact can recover for fright, and those outside of it cannot."

Conrail v. Gottshall, 512 U.S. 532, 547-548 (1994) (quoting Richard N. Pearson, Liability to Bystanders for Negligently Inflicted Emotional Harm – A Comment on the Nature of Arbitrary Rules, 34 U. Fla. L. Rev. 477, 489 (1982)).  In applying Gottshall to this case, a threshold question appears: is recovery limited to cases of emotional injury consisting of fright regarding a future injury?

This Court considers this question in light of Supreme Court precedent.  In Metro-North Commuter R.R. v. Buckley, 521 U.S. 424, 429 (1997), discussing Gottshall, the Court characterized that decision as follows: "It recognized that the common law of torts does not permit recovery for negligently inflicted emotional distress unless the distress falls within certain specific categories that amount to recovery-permitting exceptions."  This is significant because it establishes the default common law rule for negligently inflicted emotional distress: *no recovery*. For a plaintiff to recover for negligently inflicted emotional distress, a case must fall within an exception to this rule.

Furthermore, the Supreme Court has made clear that the exception provided by the zone of danger test is a very narrow one:

>In sum, our decisions in *Gottshall* and *Metro-North* describe two categories: Stand-alone emotional distress claims not provoked by any physical injury, for which recovery is **sharply circumscribed** by the zone-of-danger test; and emotional distress claims brought on by a physical injury, for which pain and suffering recovery is permitted.

Norfolk & Western Ry. v. Ayers, 538 U.S. 135, 147 (2003) (emphasis added).  This Court

5

understands Supreme Court precedent to hold that the right to recovery at issue in this case is a sharply circumscribed exception to the rule of no recovery.

In Gottshall, the Supreme Court defined this exception, as quoted above, by quoting from Pearson's law review article. It is worth noting that, discussing the legal development of the zone of danger test, Pearson distilled the defining principle as follows: "Fear for one's own safety is legally recognized harm." Pearson, 34 U. Fla. L. Rev. at 490. Following Pearson's view, then, the zone of danger test provides a sharply circumscribed exception to the rule of no recovery for emotional injuries involving fear for one's own safety.

This defining principle appears even more clearly in the Supreme Court's discussion of Gottshall in Metro-North Commuter R.R. v. Buckley, 521 U.S. 424, 430 (1997): "[I]n each case [cited in *Gottshall*] where recovery for emotional distress was permitted, the case involved a threatened physical contact that caused, or might have caused, immediate traumatic harm." The key concept in this statement is that of threatened physical contact: recovery is allowed for the experience of the threat of physical contact.

Turning to the instant case, the emotional distress claimed by Plaintiff does not fall within the zone of danger exception, since Plaintiff does not complain of having experienced a fear for his own safety, or having experienced a threat of physical contact. There are no material facts in dispute: Plaintiff's Counterstatement of Material Facts adopts Defendant's Statement of Material Facts in its entirety. (Pl.'s 56.1 Stmt. ¶ 1.) Defendant's Statement states that Plaintiff did not anticipate the boxcar collision, and it appears that he became aware of it only after he heard the sounds of the crash. (Def.'s 56.1 Stmt. ¶¶ 19-22.) Plaintiff has offered no evidence from which one could infer that he anticipated the collision. Having not anticipated the collision, he could

6

not have experienced fright in anticipation of the collision, nor fear for his own safety. Rather, the undisputed evidence is that he had no awareness of the collision until after it occurred and he was safe. Plaintiff's emotional distress does not fall within the sharply circumscribed exception to the rule of no recovery.

Plaintiff, in opposition, points to this language in Gottshall: "We see no reason, however, to allow an employer to escape liability for emotional injury caused by the apprehension of physical impact simply because of the fortuity that the impact did not occur." 512 U.S. at 556. This quote entirely works against Plaintiff's position: Plaintiff has offered no evidence that he experienced apprehension of physical impact. As just discussed, Plaintiff has alleged emotional injury which began *after* the impact, not before. One cannot be apprehensive of an event that has already occurred. Plaintiff attempts to argue that Gottshall does not require apprehension prior to the impact, but, in support of this position, cites only a case by a Georgia state court and a decision from the Second Circuit in Nelson v. Metro-North Commuter R.R., 235 F.3d 101, 111 (2d Cir. 2000). Plaintiff contends that, in Nelson, the Second Circuit refused to understand Gottshall as setting any temporal prerequisites, which is false: the Second Circuit did hold that the feared future injury did not have to be close in time, but it did require that the injury be a future one. Id.

Defendant has shown an absence of any dispute over material facts, and demonstrated that it is entitled to judgment as a matter of law. Defendant's motion for summary judgment will be granted.

**III.   CONCLUSION**

Defendant has demonstrated, pursuant to Federal Rule of Civil Procedure 56, an absence of disputes over material facts, and has shown that it is entitled to judgment as a matter of law. Defendant's motion for summary judgment is granted, and as to the single claim in the Complaint, Judgment will be entered in favor of Defendant.

    s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

DATED: January 12, 2012